```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SANTO CASTRO, on behalf of himself and        :
all others similarly situated,                :
                                              :     COMPLAINT
                         Plaintiff,           :
                                              :
           -against-                          :
                                              :
MD 210 FOOD CORP. d/b/a BRAVO                 :     FLSA COLLECTIVE AND
SUPERMARKET and ANIBAL DIAZ,                  :     RULE 23 CLASS ACTION
                                              :
                         Defendants.          :
------------------------------------------------------------------------X
```

Plaintiff Santo Castro ("Plaintiff" or "Castro"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants MD 210 Food Corp. d/b/a Bravo Supermarket and Anibal Diaz ("Defendants"), alleges:

## NATURE OF THE ACTION

1. During his employment at Bravo Supermarket, Plaintiff and other non-managerial employees of Bravo Supermarkets (the "Supermarket Workers") regularly worked in excess of forty hours per workweek but were not paid overtime wages at a rate of at least one and one-half (1.5) times their regular hourly wage rates. Specifically, Defendants paid Plaintiff and the Supermarket Workers on straight-time or weekly salary bases, thereby failing to pay them overtime wages for hours worked over forty per workweek. Defendants further failed to provide Plaintiff and the Supermarket Workers with: (1) wage notices at their time of hiring or whenever their wage rates changed, and (2) accurate wage statements accompanying each payment of wages reflecting, *inter alia*, their hours worked and regular and overtime wage rates.

2. Plaintiff brings this action on behalf of himself and all other similarly situated Supermarket Workers seeking declaratory and injunctive relief and to recover

his unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. The Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because Defendants conduct business in the Southern District of New York and the events and omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

**Plaintiff Santo Castro**

5. Plaintiff Santo Castro resides in Bronx County, New York.

6. Defendants employed Castro as a stocker from approximately July 2017 until March 1, 2023.

**Defendant MD 210 Food Corp.**

7. Defendant MD 210 Food Corp. is a New York corporation that owns, operates, and does business as Bravo Supermarket, located at 210 East 170th Street, Bronx, New York 10456 ("Bravo Supermarket").

8. Bravo Supermarket has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

2

9. In the three years preceding the date this Complaint was filed, Bravo Supermarket has had an annual gross volume of sales in excess of $500,000.

10. Bravo Supermarket is an enterprise engaged in commerce within the meaning of the FLSA.

**Defendant Anibal Diaz**

11. Defendant Anibal Diaz is an owner and principal of Bravo Supermarket.

12. Anibal Diaz is listed as the Chief Executive Officer of Bravo Supermarket on New York Department of State Division of Corporations entity filings.

13. Anibal Diaz is listed as a principal of Bravo Supermarket on New York State Liquor Authority filings.

14. As an owner and principal of Bravo Supermarket, Anibal Diaz holds and exercises power and authority over personnel decisions at Bravo Supermarket, including the authority to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

15. Anibal Diaz exercises this power and authority personally and through managers at Bravo Supermarket, including through manager Elvin Diaz.

16. Anibal Diaz is frequently present at Bravo Supermarket and holds ultimate authority over personnel decisions at Bravo Supermarket, including decisions to hire and fire employees, set employee schedules, and set employee wage rates.

17. Anibal Diaz exercises sufficient control over Bravo Supermarket's operations and Plaintiff's and the Supermarket Workers' employment to be considered their employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Castro's Hours Worked and Pay**

18. Castro worked as a stocker at Bravo Supermarket throughout his employment with Defendants.

19. As a stocker, Castro was responsible for unloading products from trucks and stocking products on shelves.

20. From approximately July 2017 through July 2019, Castro regularly worked eight-hour shifts, from 8:00 a.m. to 4:00 p.m., six days per week (Monday through Saturday), totaling approximately forty-eight hours per workweek.

21. From approximately August 2019 through March 1, 2023, Castro regularly worked seven-hour shifts, from 8:00 a.m. to 3:00 p.m., six days per week (Monday through Saturday), totaling approximately forty-two hours per workweek.

22. Throughout his employment, Defendants frequently required Castro to work additional hours per workweek.

23. From approximately July 2017 through December 2018, Defendants paid Castro $15 per hour worked, including hours worked over forty per workweek.

24. From approximately January 2019 through the end of his employment, Defendants paid Castro a weekly salary of $800.00.

25. Throughout his employment, Defendants paid Castro's wages partially by direct deposit and partially in cash.

**Allegations Applicable to Plaintiff and the Supermarket Workers**

26. Defendants did not pay Plaintiff and the Supermarket Workers overtime wages at a rate of at least one and one-half (1.5) times their regular wage rates for hours worked in excess of forty per workweek.

27. Defendants frequently required Plaintiff and other Supermarket Workers to use two separate timecards to punch in and out of work during the same workweek in order that total hours worked per workweek, including overtime hours, would not be reflected on a single timecard.

28. Defendants did not provide Plaintiff and the Supermarket Workers with wage notices at the time of their hiring or whenever there was a change in their wage rates, thereby obstructing Plaintiff and the Supermarket Worker's understanding of their rights with respect to compensation and ability to advocate for proper compensation.

29. As a part of their practice of denying Plaintiff and the Supermarket Workers overtime compensation, Defendants did not provide Plaintiff and the Supermarket Workers with accurate wage statements reflecting, *inter alia*, their regular and overtime wage rates and hours worked per workweek with each payment of wages.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated Supermarket Workers employed by Defendants in the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

31. The FLSA Collective consists of at least sixty similarly situated Supermarket Workers who have been victims of Defendants' common policies and practices violating their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

32. The FLSA Collective consists of persons who, during their employment with Defendants, fell into the category non-managerial supermarket employees.

33. Plaintiff and the FLSA Collective are entitled to overtime wages under the FLSA, but were denied overtime wages by Defendants for hours worked in excess of forty per workweek.

34. Plaintiff and the FLSA Collective are and have been similarly situated, have performed similar duties, have had substantially similar pay provisions, have worked over forty hours per workweek, and have been subject to Defendants' common unlawful pay policies and practices depriving them of overtime wage rates for hours worked over forty per workweek.

35. As part of their regular business practices, Defendants intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in patterns, practices, and/or policies violating the FLSA. These patterns, practices, and/or policies include, *inter alia*: (a) failing to pay the FLSA Collective overtime wages for hours worked in excess of forty per workweek; and (b) failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA.

36. Defendants engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

37. Defendants are aware or should have been aware that the FLSA required them to pay the FLSA Collective an overtime premium for hours worked in excess of forty per workweek.

38. Defendants' conduct has been intentional, willful, and in bad faith, and has caused significant monetary damage to the FLSA Collective.

39. The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

40. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

41. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), on behalf of himself and a class consisting of all similarly situated Supermarket Workers employed by Defendants in the past six years (the "Rule 23 Class").

43. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

44. The size of the Rule 23 Class is at least 100 individuals, although the precise number of such employees is unknown. Facts supporting the final calculation of that number are presently within the sole control of Defendants.

45. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

46. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including, *inter alia*, the following:

   a. whether Defendants employed the Rule 23 Class within the meaning of the NYLL;

   b. whether Defendants compensated the Rule 23 Class at the appropriate overtime wage rate for all hours worked in excess of forty per workweek as required by the NYLL;

   c. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

d. whether Defendants failed to provide wage notices to the Rule 23 Class at the time of hire and when their wage rates changed as required by the NYLL; and

e. whether Defendants failed to provide the Rule 23 Class with accurate wage statements as required by the NYLL.

47. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent.

48. Plaintiff and the Rule 23 Class work or have worked for Defendants as Supermarket Workers within the six years prior to the filing of this Complaint.

49. Plaintiff and the Rule 23 Class are entitled under the NYLL to be paid overtime wages, but were denied overtime wages by Defendants.

50. Plaintiff and the Rule 23 Class are entitled under the NYLL to receive wage notices at their time of hire and when their wage rates change and to receive accurate wage statements each time they are paid, but were not provided with wage notices or wage statements by Defendants.

51. Plaintiff and the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

52. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated as a result of Defendants' common policies, practices, and patterns of conduct.

53. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

54. Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

55. There is no conflict between Plaintiff and the Rule 23 Class members.

56. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual employees lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. Class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

57. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime Wages)**

58. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

59. Defendants are employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and 207(a), and employed Plaintiff and the FLSA Collective

60. The FLSA requires employers to pay employees overtime wages at a rate not less than one and one-half (1.5) times the employee's regular rate for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207, *et seq*.

61. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

62. Defendants were or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

63. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages and are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs.

**SECOND CLAIM**
**(NYLL – Unpaid Overtime Wages)**

64. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

65. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), and 652, and New York State Department of Labor ("NYDOL") regulations, including but not limited to 12 N.Y.C.C.R. § 142, and employed Plaintiff and the Rule 23 Class.

66. The NYLL and supporting NYDOL regulations require employers to pay employees overtime wages at a rate of one and one-half (1.5) times the employee's regular rate for all hours worked in excess of forty per workweek. 12 N.Y.C.C.R. § 142-2.2.

67. Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL and its supporting NYDOL regulations.

68. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

69. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class suffered damages and are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs.

## THIRD CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

70. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

71. The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hiring and whenever there is a change to an employee's rate of pay. NYLL § 195(1).

72. In violation of NYLL 195(1), Defendants failed to furnish Plaintiff and the Rule 23 Class at their time of hiring or whenever their rates of pay changed with a wage notice containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and any other information required by law.

73. As a result of Defendants' violations of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs pursuant to NYLL § 198(1-b).

## FOURTH CLAIM
### (NYLL WTPA – Failure to Provide Accurate Wage Statements)

74. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

75. The NYLL requires employers to provide employees with an accurate wage statement each time they are paid. NYLL § 195(3).

76. In violation of the NYLL, Defendants failed to furnish Plaintiff and the Rule 23 Class with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and

phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

77. As a result of Defendants' violations of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

    a.    certify this case as a class action pursuant to the NYLL and Rule 23 of the Federal Rules of Civil Procedure as it pertains to all NYLL claims set forth in the Complaint for the class of employees described herein; certify Plaintiff as a class representative; and designate Plaintiff's attorneys as class counsel;

    b.    certify this case as a collective action for the violations of the FLSA alleged in the Complaint for the employees described herein; certify Plaintiff as the representative of the FLSA Collective; designate Plaintiff's attorneys as counsel for the FLSA Collective; and authorize the prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all prospective members of the FLSA Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. ¶ 216(b);

    c.    declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

d.  declare that Defendants have violated the wage notice and wage statement provisions of the NYLL's WTPA;

e.  declare that Defendants' violations of the FLSA and NYLL were willful;

f.  enjoin future violations of the FLSA and NYLL by Defendants;

g.  award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

h.  award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and NYLL;

i.  award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish wage notices pursuant to the NYLL's WTPA;

j.  award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL's WTPA;

k.  award Plaintiff, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest under the FLSA and the NYLL;

l.  award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

m.  award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
       May 9, 2023

                              PECHMAN LAW GROUP PLLC

                        By:     */s/ Louis Pechman*
                                Louis Pechman
                                Galen C. Baynes
                                488 Madison Avenue, 17th Floor
                                New York, New York 10022
                                Tel.: (212) 583-9500
                                pechman@pechmanlaw.com
                                baynes@pechmanlaw.com
                                *Attorneys for Plaintiff, the Putative FLSA*
                                *Collective, and the Putative Rule 23 Class*